LUIS DE LA CRUZ, Plaintiff and Appellee, *v.* LUZ PORRATA DORIA DE MÁRQUEZ, Defendant and Appellant.

No. 5015.   Argued March 21, 1930.—Decided March 27, 1930.

*A. García Veve,* for appellant.   *E. Martínez Rivera* and *J. P. Miranda,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The contention of appellant is that the district court erred in overruling a demurrer for want of facts sufficient to constitute a cause of action.

The first of a series of nine notes is set forth verbatim in the complaint. The objection of appellant is that plaintiff does not allege that the other eight notes of this series were in the same form. The bare statement of such an objection in a brief does not demand serious consideration.

The first of two other notes is also copied in the complaint. These are alleged to be identical in form.

724

The complaint was filed March 1, 1929. Each of the two notes copied therein contained an accelerating clause. Both of the second series and four of the first had matured independently of the accelerating clause before the complaint was filed.

The second objection of appellant is that the complaint does not specify which of the notes had become due. The averment complained of is that "upon maturity of any of the above mentioned notes, plaintiff demanded from defendant the payment of the debt, amounting to $1,515.30 (one thousand five hundred fifteen dollars thirty cents) and defendant has refused to do so." In a preceding paragraph of the complaint the nine notes of the first series are described as falling due on the 11th, of the months of November and December, 1928, January, February, March, April, May, June, and July, 1929. The two notes of the second series are elsewhere described as becoming due on December 6th, 1928, and January 1st, 1929.

In accordance with the terms of the accelerating clause all of the notes were to become due and payable on the failure to meet any one of them at maturity. They were all due and payable at the time of the demand for payment. The failure to specify which and how many of them would have been due and payable at that time in the absence of an accelerating clause was not a failure to state facts sufficient to constitute a cause of action.

The judgment appealed from must be affirmed.